BARKDULL, Judge.
This appeal brings on for review an order of construction by the probate judge of the following provision of a Will:
“I direct and desire that one-half of the proceeds realized from the sale of property I hold jointly in partnership with Mrs. Janie E. Field at 34 S. E. Seventh Street, Miami, Florida, said property being a duplex family residence building, be given, bequeathed and devised to my mother, Ethel M. Newcomb, for her maintenance and support during her life.”
The probate judge held that the testator intended, by this provision, to bequeath and devise to his mother his entire one-half interest in the proceeds of the sale of the property described therein. The appellant urges that the intention of the testator was to bequeath unto his mother only one-half of his one-half interest in the proceeds received from the sale of the property he jointly owned with the appellant, thereby giving unto his mother a one-quarter interest in said proceeds.
An examination of the Will in its entirety discloses that it was a well-considered document and it does not appear that the probate judge committed error in determining that the testator intended to bequeath to his mother “ * * * one-half of the proceeds realized from the sale of * * * duplex family residence building * * * ”. This would be the entire interest of the testator in the proceeds derived from the sale of the property and would leave the appellant herein with one-half of the proceeds and the other one-half of the said proceeds with his mother. Any doubt as to this interpretation is totally dispelled by the contingent residuary clause of the Will. If the appellant’s theory is adopted, it was the intention of the testator to give his mother only a one-fourth interest in the proceeds from the sale of the property, and yet the testator made no specific disposition of the remaining one-fourth interest. This, therefore, would fall within the residuary clause, and there must necessarily be a residuary. The residuary clause reads as follows:
“After all gifts, bequests and devises as hereinabove set forth have been made and rendered and if, after such gifts, bequests and devises have been made and rendered, there exists a residue of my estate, to the individuals listed below, I bequeath the following not hereinbefore specifically be *762 queathed or devised: * * *” [emphasis added],
which clearly indicated that all residuary bequests were contingent.
If the appellant’s contention is adopted, there must necessarily exist a one-fourth residue in the proceeds of the sale of the duplex; but when the testator made provision for a residuary disposition if a residue exists, the testator acknowledged that there might not necessarily be any residue and it must follow that the testator did not consider that he had left any residuary in this bequest.
Therefore, the order appealed is affirmed.
Affirmed.